UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-00146-RJC
(3:15-cr-00265-RJC-DCK-1)

| | | |
|---|---|---|
| KENWANIEE VONTORIAN TATE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. [Doc. 3].

**I.    Initial Screening**

The Court has conducted an initial screening of the petition under Rule 4(b) and finds that it appears that the motion is untimely. 28 U.S.C. § 2255(f).

**II.   Discussion**

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 by imposing a one-year statute of limitations period for the filing of a motion to vacate. Such amendment provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, after a jury trial, Petitioner was found guilty of sex trafficking of a minor in violation of 18 U.S.C. § 1591(a)(1) and (b)(2) and one count of committing a felony offense involving a minor while under a duty to register as a sex offender in violation of 18 U.S.C. § 2260A. [Criminal Case No. 3:19-cv-00146 ("CR"), Doc. 58: Judgment]. On January 25, 2017, this Court sentenced Petitioner to 360 months of imprisonment on Count One, and 120 months of imprisonment on Count Two, to be served consecutively, for a total of 480 months. [Id.]. Judgment was entered on February 28, 2017. [Id.]. Petitioner appealed, and on February 1, 2018, the Fourth Circuit Court of Appeals issued a mandate on its decision affirming Petitioner's conviction and sentence. [CR Doc. 74]. As such, for purposes of § 2255(f), Petitioner's conviction became final on February 1, 2018, and Petitioner had one year, or until February 2, 2019, within which to file a § 2255 motion.

On March 25, 2019, Petitioner filed a § 2255 Motion to Vacate. Petitioner, however, failed to date and sign his petition under penalty of perjury. [Doc. 1]. The Application to Proceed In Forma Pauperis by a Prisoner that Petitioner submitted with his March 25, 2019 Petition was dated March 20, 2019. [Doc. 1-1 at 2]. On March 29, 2019, the Court found that Petitioner failed to sign his petition under penalty of perjury and ordered that he must so sign the petition and resubmit it to the Court within 20 days. [Doc. 2]. On April 9, 2019, the Petitioner's signed petition, which was dated April 2, 2019, was filed with the Court. [Doc. 3]. Even giving Petitioner the benefit of the date of his signature on the IFP Application that he submitted with the original petition, it,

nonetheless, appears that Petitioner's Motion to Vacate is untimely.

The Court will grant Petitioner 20 days in which to provide an explanation as to why the instant Section 2255 petition should not be dismissed as untimely, including any reasons why equitable tolling should apply. See Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002); United States v. Blackstock, 513 F.3d 128, 133 (4th Cir. 2008) (remanding to district court pursuant to Hill for determination of timeliness of § 2255 Motion).

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner shall have 20 days from entry of this Order in which to explain to the Court why the Section 2255 Motion to Vacate should not be dismissed as untimely. If Petitioner does not file such explanation within 20 days from entry of this Order, the petition may be dismissed without further notice.

2. Petitioner shall also have 20 days from entry of this Order in which to return a copy of the Section 2255 Motion to Vacate, signed in his own handwriting under penalty of perjury. If Petitioner does not submit such signed Motion to Vacate within 20 days from entry of this Order, the petition may be dismissed without further notice.

3. The Clerk of Court is instructed to mail to Petitioner a form used in this district for Section 2255 petitions so that Petitioner may re-file his petition on such form if he so wishes.

**IT IS SO ORDERED.**

Signed: May 22, 2019

Robert J. Conrad, Jr.
United States District Judge